# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:07 CR 006

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **GALANVDI W. CROWE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, upon a motion (#10) filed by the defendant requesting that the undersigned allow the defendant to present evidence as to the issue as to whether or not the defendant should be released from detention on terms and conditions of pretrial release. It appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, Charles Brewer, and that the Government was present through Assistant United States Attorney, Don Gast, and from the evidence presented and the records in this cause and the arguments of counsel for the defendant and the Assistant United States Attorney, the undersigned makes the following findings:

**Findings**. The defendant was charged in a criminal complaint filed on March 8, 2007 with unlawfully killing a human being without malice in the commission of an unlawful act not amounting to a felony in violation of Title 18 U.S.C. § 1112 and 1153. On March 12, 2007 the undersigned held a detention hearing for the defendant. At the conclusion of the hearing the undersigned entered an order detaining the defendant. A written order of detention pending trial was filed on March 19, 2007. The findings made therein are

incorporated herein by reference.

On March 30, 2007 the defendant requested that he be allowed to present evidence in regard to the issue of detention. The defendant called as a witness his mother, Cynthia Crowe. Ms. Crowe testified that the defendant had resided with her in the Piney Grove Community of Cherokee, NC during his entire life. Ms. Crowe and the defendant's father, Robert Crowe are married but are separated from each other. Also residing in the home is the defendant's girlfriend, Cassandra Washington and a child of the defendant and Ms. Washington that had been born on December 25, 2006. Ms. Crowe testified that she was the manager of a craft shop located in Cherokee. She is 49 years old and has no criminal record.

Ms. Crowe further testified that she had been aware that the defendant had an addiction to the use of marijuana. When the defendant was approximately age 14, the defendant, with the help of his mother, had participated in an inpatient treatment program called the "Unity Program". This is a program which is designed to assist residents of the Cherokee community in removing their addiction to controlled substances. The defendant spent approximately four months in the program. Thereafter, Ms. Crowe has dedicated herself to trying to assist other persons in the Cherokee community with addiction problems. Ms. Crowe has assisted in developing what is known as the "White Bison" program. This is a spiritual program that is designed to use traditional Cherokee culture and to apply that culture in assisting persons in the Cherokee community in removing their addiction to controlled substances. Ms. Crowe testified that she had encouraged the defendant repeatedly

to attend the White Bison program but due to the fact that he was over age 18 it was her opinion that she could not force him into the program and only those persons who voluntarily sought treatment would be successful with treatment.

The undersigned, at the request of the United States Attorney, heard from a family member of the deceased victim in this matter. That family member was Victor Wildcat. Mr. Wildcat expressed the pain of loss that was being suffered by the victim's family.

**Discussion.** The undersigned has reconsidered the issue of detention of the defendant. The undersigned incorporates herein by reference the findings as set forth in the order of March 19, 2007. In that order, the undersigned detained the defendant but allowed the defendant to participate in the Jail Based Inpatient Treatment Program. The defendant has not been allowed at the present time to begin participation in the treatment program. The release of this defendant without treatment would create a danger to any other person or the community. This defendant has a significant addiction to the use of marijuana. As shown by the affidavit attached to the criminal complaint, the defendant, while under the influence of marijuana, has committed an act that has led to the death of a human being. To release the defendant would create a danger of harm to others. From the evidence presented, it appears that the release of the defendant could create a risk of harm being committed upon the defendant should he be released.

As a result of the foregoing findings, the undersigned has determined to enter an order allowing the defendant's motion to being heard but denying the defendant's request that he be allowed to be released on terms and conditions of pretrial release.

**ORDER**

WHEREFORE, it is **ORDERED** that the defendant be detained pending further hearings and that the defendant be allowed to participate in the Jail Based Inpatient Treatment Program during the period of his detention.

Signed: April 10, 2007

Dennis L. Howell
United States Magistrate Judge