IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CRIMINAL CASE NO. 2:07CR6

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **ORDER OF** |
| ) | **GARNISHMENT** |
| GALANVDI WADOKANAH CROWE,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |
| and  ) | |
| ) | |
| EASTERN BAND OF CHEROKEE  ) | |
| INDIANS,  ) | |
| ) | |
| Garnishee.  ) | |
| _____  ) | |

**THIS MATTER** is before the Court on the Answer of the Eastern Band of Cherokee Indians ("Tribe"), as the Garnishee and the United States of America, as Plaintiff.

On October 29, 2007, the Honorable Lacy H. Thornburg, United States District Judge, sentenced the Defendant to serve 42 months' incarceration for his conviction for involuntary manslaughter, in violation of 18 U.S.C. § 1112. [Judgment, Doc. 21]. As part of that Judgment, the Defendant was ordered to pay an assessment of $100.00 and restitution of $5,434.97 to the victims

of the crime. [Id.]. Subsequently, the United States sought to garnish the Defendant Galanvdi W. Crowe's gaming *per capita* revenue. On March 23, 2008, the Court entered a Writ of Continuing Garnishment to the Eastern Band of Cherokee Indians. [Doc. 27]. The United States is entitled to garnishment and has satisfied the prerequisites set forth in 15 U.S.C. § 1673.

The Tribe filed an answer on April 29, 2008, and states that it is a sovereign Indian Nation, and that it anticipates receiving future *per capita* distributions, generally in June and December of each year. [Doc. 29].

Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit; however, that immunity may be abrogated by Congress. See C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 418, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001). When Congress enacted the Federal Debt Collection Procedure Act ("FDCPA") in 1990, it defined a "garnishee" as any person who has custody of any property in which the debtor has a substantial nonexempt interest, and it defined "person" as including an Indian tribe. See 28 U.S.C. §§ 3002(7) and (10). "Congress has the power to statutorily waive a tribe's sovereign immunity." Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Comty., 991 F.2d 458, 462 (8th Cir. 1993). The

FDCPA uses unequivocal language to waive this immunity. See C&L Enters., supra.

As a result, the Tribe as the Garnishee, must pay over to the federal government any property in which the Defendant has a nonexempt interest. See United States v. Weddell, 12 F.Supp.2d 999, 1000 (D.S.D. 1998), aff'd, 187 F.3d 645 (table), 1999 WL 319323 (8th Cir. May 20, 1999). That property includes a *per capita* distribution to tribal members of gaming revenues. See In re Kedrowski, 284 B.R. 439, 451-52 (Bankr. W.D. Wis. 2002).

**IT IS THEREFORE, ORDERED** that an Order of Garnishment is hereby **ENTERED** in the amount of $5,534.97, computed through March 18, 2008, which attaches to each *per capita* distribution of gaming revenues on account of the Defendant Galanvdi W. Crowe, until the full amount of the Judgment is satisfied.

**IT IS SO ORDERED.**

Signed: June 24, 2010

Martin Reidinger
United States District Judge